IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

**TAMMY TRAVIS,**

    **Plaintiff,**

v.                                                                          **Civil Action No. 1:04CV208**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    **Defendant.**

## ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On this day the above styled case came before the Court for consideration of the Report and Recommendation of Magistrate Judge John S. Kaull, dated May 3, 2006 and the Plaintiff's objections thereto filed on May 15, 2006. In the interests of justice and in accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review.

The Court, after reviewing the above, is of the opinion that the Magistrate Judge's Report and Recommendation (Document No. 20) should be and is hereby **ORDERED ADOPTED**.

Plaintiff's objections to the Report and Recommendation restate the arguments made in her initial complaint and make a conclusory argument that the Magistrate Judge, like the Administrative Law Judge (ALJ), failed to adequately consider the record as a whole in reaching an assessment of the Plaintiff's credibility.

The Magistrate Judge correctly identified the applicable standard for the Court's review of the administrative finding that Plaintiff is not disabled. Specifically, the Court is to determine whether the administrative decision was supported by substantial evidence under a correct

application of law.  *See*, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990), Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986), Magistrate Judge's Report and Recommendation, Document No. 20 at 54.

The Plaintiff's objection to the Magistrate Judge's Report and Recommendation is that, "In order to reach his conclusion, the ALJ had to make a bold credibility accusation that has no support in the record.  He then used his unfounded credibility finding had [sic] to discredit the opinions of every physician or evaluator . . . ." Document No. 21 at 1.

The Fourth Circuit Court of Appeals directs the courts to give great weight to an ALJ's assessment of a plaintiff's credibility.   Since the ALJ has, "the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight."  Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).

In this case the ALJ did have support for the credibility assessment based on the ALJ's firsthand observations of the Plaintiff and the record.  The Plaintiff appeared before the ALJ on May 16, 2001 and December 26, 2001, giving the ALJ the opportunity to "observe the demeanor and determine the credibility" of the Plaintiff.  Id.  The ALJ also considered evidence on record, including falsified application documents and Plaintiff's refusal to pursue exercise treatment recommended by her doctors to bolster her claim of disability.

In addition to the ALJ's judgment as to the Plaintiff's credibility and the believability of her statements about pain, the ALJ took into account "all the available evidence," as required under 20 C.F.R. §§ 416.929(c)(1) and 404.1529(c)(1).  *See*, Craig v. Charter, 76 F.3d 585 (4th Cir. 1996).  The ALJ reviewed the Plaintiff's history, objective medical findings and opinions.

The review of the ALJ's finding that the Plaintiff is not disabled shows that the ALJ applied the correct legal process as set out in Craig. The decision is supported by both substantial evidence in the record and the ALJ's assessment of the Plaintiff's credibility. The Magistrate Judge reviewed the administrative decision meticulously and applied the correct standard of review in the Report and Recommendation. The Plaintiff's objection, that the entire record taken as a whole would lead to a contrary assessment of the Plaintiff, fails to show that the ALJ's finding was without substantial support in the record. Review of the administrative record and the Magistrate Judge's report, as well as the de novo review of this Court, all indicate that the ALJ's decision was well grounded and supported by the record.

The Court, therefore, **ORDERS** that the Defendant's Motion for Summary Judgment[1] be **GRANTED**. The Court **ORDERS** that Plaintiff's Motion for Summary Judgment[2] be **DENIED**. It is further **ORDERED** that this action be **DISMISSED WITH PREJUDICE** based on the reasons set forth in the Magistrate Judge's Report and Recommendation, and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to the Plaintiff and all counsel of record herein.

**DATED** this 18th day of September 2006.

W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE

---

[1] Document No. 19.

[2] Document No. 16.